## INJUNCTION AGAINST EMISSION OF OFFENSIVE ODORS BY A REDUCTION PLANT.

Superior Court of Cincinnati.

JOHN STORY v. THE UNION REDUCTION COMPANY.[*]

Decided, February 13, 1915.

*Nuisance—Reduction Company Enjoined from Emitting Offensive Odors —But Execution of Its Contracts Can Not be Interfered With.*

A reduction company which is engaged in collecting and disposing of garbage under a contract entered into with a city under authority of law (General Code, Sections 3809, 3649) and which creates a nuisance by the manner in which it operates its plant, can not

---

[*]Affirmed, *Story* v. *Union Reduction Co.*, 25 C.C.(N.S.), 533; motion to require the Court of Appeals to certify its judgment in this case overruled by the Supreme Court, May 29, 1916.

be enjoined from continuing to carry out the contract, but will be enjoined from continuing the nuisance.

*Thomas H. Kelley,* for plaintiff.
*Peck, Shaffer & Peck* and *Healy, Ferris & McAvoy,* contra.

PUGH, J.

John Story, the plaintiff, at the time this action was brought and for many years before and ever since lived at No. 4062 Liston avenue in the city of Cincinnati, something less than one-half mile east of the point at which the works of the defendant, the Union Reduction Company, are located. This company is engaged in the business of reducing or rendering animal and vegetable offal and garbage, converting the raw material into fertilizer and extracting the oils and greases.

The plaintiff complains that the defendant company is and has been carrying on its business in such a way as to create a nuisance by discharging into the atmosphere noisome and offensive gases and smoke to such an extent and so frequently repeated that it has become injurious to his health, property and comfort. The alleged nuisance is laid, with a continuendo, from June 1st, 1913, up to date, and the court is asked to enjoin the further carrying on of the business or, at least, enjoin its being carried on in such a way that it will continue to be a nuisance.

The defendant denies that it is or has been creating a nuisance by the manner in which it carries on business, and claims that it has built and improved its plant in the most scientific and approved way, has installed the most effective deodorizing devices and that it is neither possible nor necessary to do anything more.

1. The Union Reduction Company is operating under a contract with the city of Cincinnati by which it gathers up and disposes of the animal and vegetable refuse—garbage—of the entire city. This contract the city is authorized to make by the laws of this state (General Code, Sections 3809, 3649). In doing this work, it is, in effect, exercising a municipal function, authorized by law, and, even if there resulted what would otherwise

constitute a nuisance, this court has no power to prevent the defendant from continuing such work as long as it keeps within the terms of the law and the contract. (*The Toledo Disposal Co.* v. *The State of Ohio*, 89 Ohio State, 230.)

2. There is nothing in the law or the contract, however, which authorizes the defendant to carry on its work in such a manner as to create a nuisance. Indeed, it is expressly stipulated in the contract with the city that it shall employ such a process "that is not offensive or noisome in its operation." If the process used or the manner of operation creates a condition of affairs which is recognized by a court of equity as one which should be enjoined at the instance of this plaintiff, the injunction should issue.

3. There is a great mass of testimony in this case—much of it impossible to reconcile—and the court can not undertake to discuss it in detail. The ultimate finding of fact is as follows:

(*a*)  That, at certain times, a nuisance is created by the way in which the defendant's plant is operated.

(*b*)  That the nuisance is of such a nature and of such frequent repetition that it is continuous and is a serious injury to the comfort, health and property of individuals and of the public.

(*c*)  That, in the case of the plaintiff, although residing nearly one-half mile east of the plant, there is special injury to his comfort and property, if not to his health as distinguished and different in kind from the injury inflicted upon the general public.

(*d*)  That the nuisance thus created and maintained is of the kind which calls for the interference of a court of equity, by way of injunction.

4. The court has endeavored unsuccessfully to locate the exact cause of the nuisance, even to the extent of interrogating experts and personally inspecting the defendant's plant and its mode of operation.

The testimony of the experts is to the effect that the devices in use at the defendant's plant ought to eliminate all "carry-

ing" odors—which are the only ones which affect this plaintiff and with which we are here concerned.  On the other hand, the evidence shows that such odors are not eliminated.

Whether the experts are mistaken or whether there is carelessness in the operation of the plant; whether there is a difference in the odors at times dependent upon the nature of the material that is being rendered; whether, at times, the plant is operated without the use of the deodorizing devices provided, are questions the court is unable to answer from the evidence and personal inspection.

The injunction, therefore, that will be issued must be necessarily general in its terms, and the defendant will be compelled at its peril to operate its plant within the general limits prescribed.

An injunction, as prayed for, will issue enjoining the defendant from continuing to operate its plant in such manner as to create noisome and offensive odors to the injury of the plaintiff in health, comfort or property.